```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON
```

**WILLIAM DURAN SPEIGHT,**

    **Movant,**

v.                                      Case No. 2:02-cv-01182
                                        Case No. 2:99-cr-00189-01

**UNITED STATES OF AMERICA,**

    **Respondent.**


### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the following motions filed by Movant, William Duran Speight (hereinafter "Defendant"):

1. Request for Clarification of "Memorandum Order" (docket sheet document # 390), filed on March 14, 2005;

2. Notice and Request for Extension or Enlargement of Time (# 391), filed on March 14, 2005:

3. Motion for Reconsideration of Memorandum Order Denying Motions to Amend and/or Supplement § 2255 Petition pursuant to Fed. R. Civ. P. 15; and to expand the record (# 392), filed on March 31, 2005; and

4. Request to Amend Pursuant to Fed. R. Civil P. 15 His Motion for Reconsideration of the Magistrate[] Judge's Memorandum Order Dated March 2, 2005 Denying Motions to Amend and/or supplement 2255 Petition and to ex[p]and the record (# 397), filed on September 29, 2005.

Defendant is serving a sentence of 188 months of imprisonment, to be followed by a three-year term of supervised release. (Judgment in a Criminal Case, # 214, entered August 3, 2000.) Based upon the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), the District Court noted that it was required to apply the penalties set forth in 21 U.S.C. § 841(b)(1)(C).

Defendant's direct appeal was unsuccessful. United States v. Speight, No. 00-4569 (4th Cir., April 25, 2001)(unpublished)(# 241). Rehearing en banc was denied. (# 249.) A petition for a writ of certiorari was also denied. (# 257.) Speight v. United States, 534 U.S. 926 (October 1, 2001).

On September 30, 2002, Defendant timely filed a motion pursuant to 28 U.S.C. § 2255, raising the following grounds for relief:

> A. Ground one: The government failed to present any chemical analysis to support the finding that the alleged substance was crack.
> B. Ground two: The substance that formed the basis of the judgment was based on an erroneous finding.
> C. Ground three: The findings of the Court are unsubstantiated by the Legislature's will and contrary to the Commission's intent.
> D. Ground four: Counsel was ineffective in his failure to conduct any pre-trial investigation, which led to his failure to file a motion for a Franks hearing.
> E. Ground five: Counsel Roncaglione was ineffective in his failure to object, or offer special jury instructions regarding the alleged two different drug types ["cocaine base" vs. "crack"].
> F. Ground six: The government knowingly offered perjured testimony and counsel was ineffective for failing to object and briefing this issue.
> G. Ground seven: Counsel was ineffective for failing to challenge the jurisdiction of the District Court.

(Motion, # 276, at 4, 5, 7.)

On March 12, 2003, Speight filed an amendment to his section 2255 motion (# 291), and stated his grounds for relief as follows:

> Issue 1: Counsel, Mr. Roncaglione was ineffective for his failure to conduct any pretrial investigation, present exculpatory evidence in police report, and failed to subpoena Det. Bramlee as a material witness in violation of the V and VI Amendments.
>
> Issue 2: Counsel Mr. Roncaglione's ineffectiveness of not doing any pretrial investigation, lead to counsel Mr. Roncaglione's failure to file a motion to have a <u>Franks v. Delaware</u> hearing.
>
> Issue 3: Counsel, Mr. Roncaglione was ineffective for his failure to object, or offer special jury instructions where the evidence failed to prove that the substance involved was "cocaine base" also known as "crack" in accordance with U.S.S.G. Drug Table 2D1.1.
>
> Issue [4]: The Assistant United States Attorney Ms. Monica Schwartz engaged in misconduct to convict petitioner.

(Amended Motion, # 291, at 4, 21, 23, 26.)

On May 18, 2003, Speight submitted a "Second Motion to Amend" (# 293), which asserts that evidence uncovered in connection with <u>United States v. Dyess</u>, No. 2:99-00012, demonstrates more instances of prosecutorial misconduct by Ms. Schwartz, and Charleston Police Department Officer William Hart.

On May 30, 2003, the undersigned filed Proposed Findings and Recommendation (# 298) that Defendant's various grounds for relief be found to be without merit, and that Defendant's § 2255 motion, as amended, be denied.

On May 30, 2003, Defendant filed a motion asserting that his

indictment was based on irregularities in the testing of the controlled substances at issue (# 300). The United States was directed to respond (# 327).

On October 27, 2003, the undersigned filed proposed findings and recommendation that Defendant's § 2255 motion, as amended, and his motion relating to purported irregularities in drug testing, be denied (# 337). Defendant filed objections (# 369).

On June 24, 2004, the Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). On July 15, 2004, Defendant asked leave to supplement (# 376). On August 13, 2004, Defendant filed a motion to amend and/or supplement based on <u>Blakely</u> (# 377). Defendant's case, like many other cases seeking post-conviction relief based on <u>Blakely</u>, was held in abeyance pending the publication of decisions by appellate courts concerning the applicability of <u>Blakely</u> (# 378).

On January 12, 2005, the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. \_\_\_\_\_ (2005). On February 2 and 7, 2005, Defendant filed a motion and amended motion (## 387, 388) seeking to expand the record. Review of the motions indicates that Defendant was seeking to have <u>Blakely</u> and <u>Booker</u> applied to his case, and he was not asking that evidence be added to the record.

By Memorandum Order entered March 2, 2005, the undersigned denied Defendant's then-pending motions, based on various decisions by Circuit Courts of Appeal that <u>Blakely</u> and <u>Booker</u> do not apply

4

retroactively on collateral review.  The four currently pending motions attack that Memorandum Order and argue that <u>Blakely</u> and <u>Booker</u> apply to Defendant's case, even though his conviction was final before those two cases were decided.  The presiding District Judge referred all four motions to the undersigned for submission of proposed findings and recommendation.

<u>Request for Clarification (# 390)</u>

Defendant's Request asks whether the Memorandum Order closes out the issues he raised or if it is a recommendation, and requests time to respond.  Rule 72(a), Federal Rules of Civil Procedure, provides that a person may file and serve objections to an order entered by a magistrate judge; Rule 72(b) provides that a person may file and serve objections to proposed findings and recommendations.  Either way, the objections must be filed and served within ten days after being served with the document.  Defendant's Request contained no objections at all.

The undersigned proposes that the presiding District Judge find that Defendant's Request is without merit.  It is respectfully **RECOMMENDED** that the Request be denied.

<u>Notice and Request for Extension or Enlargement of Time (# 391)</u>

In this document, Defendant acknowledges that he must file and serve his objections within ten days, asserts that he has limited time in the library, and requests a 30 day extension of time to file his response.  Such requests or motions are typically decided

by the presiding District Judge. The extra time period requested by Defendant has long since expired. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge deny the request as moot.

Motion for Reconsideration of Memorandum Order (# 392)

Defendant's Motion argues that the court should consider his assertions that, because he was sentenced after the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and because Blakely and Booker "flow" from Apprendi, therefore he should receive the benefit of being re-sentenced under Booker without any retroactivity analysis. Moreover, he asserts that he is actually innocent of the factors which were used to enhance his sentence.

The undersigned disagrees. To date, not a single United States Court of Appeals has ruled that either Blakely or Booker applies retroactively on collateral review. The Supreme Court of the United States has not yet granted a petition for a writ of certiorari to decide the issue. Accordingly, the undersigned proposes that the presiding District Judge find that Defendant's conviction was final before the Supreme Court decided Blakely and that Blakely and Booker do not apply retroactively to cases on collateral review. It is respectfully **RECOMMENDED** that Defendant's Motion for Reconsideration be denied. The undersigned notes that an argument can be made that Rule 72(b) de novo review of the

6

denial of a motion to amend is appropriate, rather than review under Rule 72(a)'s clearly erroneous standard. In either case, the undersigned suggests that the result will be the same.

Request to Amend Motion for Reconsideration (# 397)

Defendant's request is an expansion and reiteration of his arguments that Blakely and Booker should be applied retroactively to his case. For the reasons set forth in the Memorandum Order, it is respectfully **RECOMMENDED** that the presiding District Judge deny the request.

For the foregoing reasons and for those set forth in the Proposed Findings and Recommendation previously filed herein, it is respectfully **RECOMMENDED** that the presiding District Judge deny Movant's § 2255 Motion, as amended.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, William D. Speight, and to counsel of record.

   October 20, 2005                           *Mary E. Stanley*
        Date                                 Mary E. Stanley
                                             United States Magistrate Judge